ANAHITA HASHEMINEJAD, ESQ. SB# 239688
LAW OFFICE OF ANAHITA HASHEMINEJAD, PLC
4630 Campus Drive, Suite 208
Newport Beach, CA 92660
Telephone:  (949) 260-8420
Fax:          (888) 421-2230

Attorney for Material Witness: MARCO ARIZMENDI-ARIZMENDI, SERGIO ARIXMENDI-MOLINA, and SERGIO GOMEZ-DELGADO

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MIGUEL RAMOS-TOPETE,<br><br>Defendant. | Case No.:<br>Magistrate Case: 19MJ1131-NLS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR VIDEO DEPOSITION AND RELEASE OF MATERIAL WITNESSES**<br><br>Date: April 16, 2019<br>Time: 9:30 am.<br>Judge: Hon. Nita L. Stormes |

## I.

## STATEMENT OF FACTS

On March 18, 2019, MARCO ARIZMENDI-ARIZMENDI, SERGIO ARIXMENDI-MOLINA, and SERGIO GOMEZ-DELGADO ("the "material witnesses") and two others were found in the presence of the defendant MIGUEL RAMOS-TOPETE ("Defendant") by United States Border Patrol agents approximately one mile north of the United States/Mexico International Boundary several miles east of the Otay Mesa, California port of entry. The material

US. v. Ramos-Topete                  - 1                  Case No.18MJ1131

witnesses were detained pursuant o Title 18 United States Code section 3144. The Defendant was charged with violation of Title 8 United States Code section 1324(a)(2)(B)(iii) Bringing in Illegal Aliens Without Presentation. Defendant's Preliminary Hearing was waived.  The continued preliminary hearing and arraignment is scheduled for April 16, 2019.

This motion for material witness deposition is being filed as neither of the material witnesses is able to secure their own release in this case by posting bond. Neither of the material witnesses is aware of potential sureties who can post bond for them.   The material witnesses are also unable to secure their own release because, under this current administration and pursuant to President Donald Trump's Executive Order, Border Patrol will not approve the release of any material witness on bond, meaning that material witness cannot satisfy condition 7 of the bond.  On the date of the hearing on this motion, the material witnesses will have been in custody for nearly four weeks.

## II.

**A VIDEO RECORDED DEPOSITION IS APPRORIATE BECAUSE THE MATERIAL WITNESSES CANNOT SECURE THEIR RELEASE**

*A. Right to Have Deposition Taken:*

The Court has the authority to order the deposition of the material witnesses to be taken and the witness to be released thereafter. Federal Rules of Criminal Procedure 15(a)(2) ("Fed R. Crim. P.") specifically states that a material witness may request to be deposed by filing a written motion and giving notice to the parties, and that the court may discharge the witness after her deposition. (Fed. R. Crim. P. Rule 15(a)(2).  Material witnesses cannot be detained due to "inability to comply with any condition of release if the testimony of [the material witness] can be adequately secured by deposition...." (18 U.S.C. §3144).

In Torres-Ruiz v. United States, 120 F.3d. 933(9th Cir. 1997), the Ninth Circuit *mandated* the use of videotape depositions when the Material Witnesses' testimony can be adequately secured by deposition and further detention is not necessary to prevent the failure of justice. (Torres-Ruiz, 120 F.3d at 935(Emphasis added); *see* also, 18 U.S.C. § 3144; see also, US v Matus-Zayas, 655 F.3d 1092 (Ninth Cir., 2011)).  In Torres-Ruiz, a routine alien smuggling case, the Court clarified that denial of a motion to videotape the witnesses' testimony is limited to situations in which a "failure of justice" would occur because the deposition would not serve as an adequate substitute for the witness' live testimony.  ***The burden is on the objecting party(s) to show that the use of the deposition testimony will deny the defendants a fair trial***, and that the live testimony would be significantly different from any testimony taken at the deposition. (United States v. Humberto Rivera, 859 F.2d 1204, 1208 (4th Cir. 1988)).

Fed R. Crim. P Rule 15(a)(2) does ***not*** require demonstration of exceptional circumstances when a material witness moves for a video recorded deposition. (United States v. Chen, 214 F.R.D. 578, 579 (N.D. Cal. 2003); United States v. Santos, 2011 WL 1196022 (S.D. Fl. 2011); Aguilar-Ayala v. Ruiz, 973 F.2d at 420 (5th Cir. 1992) (ff. 6); and United States v. Allie, 978 F.2d 1401, 1404 (5th Cir. 1992)).  Material witnesses held pursuant to 18 USC section 3144 are explicitly excepted from demonstrating exceptional circumstances as a prerequisite to obtain an order for their own deposition.  See Aguilar-Ayala v. Ruiz, 973 F.2d at 420 (5th Cir. 1992) (fn. 6); see also United States v. Allie, 978 F.2d 1401, 1404 (5th Cir. 1992).  Further, prolonged incarceration alone (the loss of freedom) is an exceptional circumstance. (United States v. Rivera, 859 F.2d 1204, 1206 (4th Cir. 1988)).

MARCO ARIZMENDI-ARIZMENDI, SERGIO ARIXMENDI-MOLINA, and SERGIO GOMEZ-DELGADO all have family members they support

financially, and all wish to be released so that they can have meaningful connections and contact with their families.

The material witnesses are in custody solely because they are being held as witnesses in this matter; they have not been charged with a crime, and continued detention constitutes a severe hardship on them and their families. It is a hardship for these material witnesses to be detained in a jail where they are not able to receive medical care which is necessary, are continually being exposed to communicable diseases (i.e., scabies and chickenpox), are subject to being strip-searched, fed meals and allowed to go outside to see sunlight only as approved or permitted by the detention center, not having contact with family members. It is not necessary to continue to detain these men, because no failure of justice would occur by video recording their testimonies.

### B.   *Video Recorded Depositions are Admissible at Trial*

The videotaped or video recorded deposition of material witnesses may be admitted into evidence in an action for violation of 8 U.S.C. section 1324(a). (8 U.S.C. §1324(d)). Depositions of material witnesses may be used at trial in criminal cases, so it is only in exceptional circumstances, where the interests of justice will be denied, that a videotape deposition is not appropriate. (See IIRIRA § 219 (admissibility of videotape depositions)); see also, United States v. King, 552 F.2d 833 (9th Cir. 1976) (cert. denied, 430 U.S. 966)).

The defendant, who would be ordered to be present with her counsel at the video recorded deposition if the motion is granted, has a full and fair opportunity to cross-examine the witness. The videotaped (or video and audio recorded) disposition provides sufficient indicia of reliability to afford the trier of fact a satisfactory basis for evaluating the truth of a statement. (Dutton v. Evans, 400 U.S. 74, 89 (1970)). The video recorded deposition allows the witness' demeanor and credibility, inflection, and intonation during cross-examination to be

adequately preserved. Additionally, the material witnesses' deposition testimonies would be no different from the live testimony, because the Defendant will have an equal opportunity to cross-examine the Material Witnesses.  Material Witnesses are subject to the subpoena power of this Court; even if the Defendant enters a guilty plea in this case prior to the hearing for this motion, unless the Defendant have already been sentenced, the Material Witness' motion for deposition should be granted and he should be released from custody after the deposition. (Torres-Ruiz, 120 F.3d at 937, "there are potential issues at sentencing upon which petitioners may be called to testify. Their detentions could thus be extended for the not inconsiderable amount of time it may take between the date a change of plea is entered and the date of sentencing.")

### C.    *Defendant's Sixth Amendment Confrontation Clause Rights*

The Defendants' Sixth Amendment Rights under the Confrontation Clause cannot be a basis to deny the material witness' request for video recorded deposition.  As the 11th Circuit Court of Appeals stated, in US v Drogoul (1 F.3d 1546, at 1554) (1993), "Only when the deposition testimony is sought to be introduced in evidence are the defendant's confrontation rights truly implicated." As the Ninth Circuit Court of Appeal acknowledged, the mere taking of a material witness' deposition with the *possibility* of the deposition being introduced at trial does not violate the defendant's Sixth Amendment Confrontation rights. (U.S. v Matus-Zayas, 655 F.3d 1092, 1096, 1099 (2011)).

### D. *Release after Deposition.*

The material witnesses request that the Court order their immediate release upon conclusion of their respective depositions should they waive formal review and execution of the deposition transcript on the record.

### III.
### <u>COCLUSION</u>

It is therefore requested that this Honorable Court grant this Motion and order the video recorded depositions of the Material Witnesses to occur immediately.

Dated: April 1, 2019         S/ ANAHITA HASHEMINEJAD
                             Attorney for Material Witnesses